No. 80,508

In the Matter of JEFFREY A. SUTTON, *Respondent.*

(959 P.2d 904)

Opinion filed May 29, 1998.

*Marty M. Snyder,* deputy disciplinary administrator, argued the cause, and *Stanton A. Hazlett,* disciplinary administrator, was with her on the formal complaint for the petitioner.

*Jeffrey A. Sutton,* respondent, argued the cause pro se.

*Per Curiam:* This is an original proceeding in discipline filed by the Disciplinary Administrator's office against Jeffrey A. Sutton, of Topeka, an attorney admitted to the practice of law in Kansas.

A formal complaint was filed against respondent on January 13, 1998, alleging violations of MRPC 1.1 (1997 Kan. Ct. R. Annot. 268) (competence), 1.15 (1997 Kan. Ct. R. Annot. 316) (safekeeping property), 3.5 (1997 Kan. Ct. R. Annot. 341) (impartiality and decorum of the tribunal); 8.2 (1997 Kan. Ct. R. Annot. 364) (judicial and legal officials), and 8.4 (1997 Kan. Ct. R. Annot. 366) (misconduct).

A formal hearing was held before a panel of the Kansas Board for Discipline of Attorneys, and respondent appeared in person. The Disciplinary Administrator appeared by Marty Snyder, deputy disciplinary administrator.

The disciplinary panel found the following facts were established by clear and convincing evidence:

## COUNT I

"Respondent served as an Assistant County Attorney in Labette County, Kansas, in 1992. He appeared on behalf of the State of Kansas . . . before the Honorable Daniel L. Brewster at a preliminary hearing in the *Matter of State of Kansas v. Jody Malcolm,* Case No. 92-CR-88 PA on April 19, 1992. During the course of the hearing, Respondent whispered to his own witness, the arresting officer, that Judge Brewster was acting like a cockroach because he was taking evidentiary rulings under advisement during the course of the hearing and not ruling upon objections in open court. The comment was picked up on a tape recording machine that was used in the courtroom."

## COUNT II

"Respondent was arrested on June 13, 1992, in Noel, Missouri, in a bar fight and charged with disturbing the peace. He pled not guilty. Upon the recommendation of the County Attorney, the charges were dismissed."

## COUNT III

"Respondent was arrested for battery, disorderly conduct and disobeying a stop sign in connection with an altercation at a road construction site on Highway K-96 on July 30, 1992. The highway was under construction and traffic was limited to sharing a single lane through the construction zone. Traffic was stopped for the pilot vehicle which escorted waiting vehicles in each direction in turn.

"Respondent drove east in the north lane past several stopped vehicles waiting for the pilot car to return. Road worker Jessie Mahoney approached Respondent's car and held out her stop sign. However, Respondent continued east bound striking the sign with his car. Respondent then stopped his car, got out and cursed at Mahoney for 'striking his car with her sign,' and stated he only wanted to turn at the next mile section road.

"Mahoney told Respondent he could wait with the other vehicles or back track. Respondent refused and said he intended to continue, and Mahoney replied that she had his license plate number.

"Respondent reached into his car, retrieved a full Pepsi bottle and threw it at Mahoney, striking her in the side. Respondent then drove past the stop sign through the construction zone.

"Respondent was charged with the crimes of Battery, a Class B misdemeanor, Disorderly Conduct, a Class C misdemeanor, and Failure to Stop at a Traffic Control Device, a traffic infraction. He applied for and was appointed a defense attorney due to his indigent status since his contract as Assistant Labette County Attorney had not been renewed the previous month.

"Respondent entered a Diversion Agreement January 15, 1993, which required a mental evaluation, refraining from violating the law, paying the victim's medical bills and paying the court costs.

"In April of 1993, the Cherokee County Attorney filed a Notice of Intent to Revoke the Diversion due to the Respondent's failure to comply with the agreement. Following a hearing, the revocation motion was dismissed and the Diversion Agreement was extended for a year.

"The court file contains a motion and order dismissing the matter with prejudice in July of 1994, as well as another motion and order dismissing the criminal matter without prejudice in January of 1996.

"Jessie Mahoney filed a tort action against Respondent for automobile negligence, intentional tort, assault and extreme and outrageous conduct. The petition was later amended to include a request for punitive damages. The worker's compensation insurance carrier filed a lien for benefits paid to Mahoney in the amount of $60,885.54, representing a $40,000.00 payment for permanent disability,

$13,201.72 for temporary total disability payments and $7,683.82 for medical bills paid on Mahoney's behalf.

. . . .

"The matter resulted in a settlement between the parties and dismissal of the Counter-claims."

## COUNT IV

"On September 8, 1995, Respondent in his capacity as Wabaunsee County Attorney submitted a voucher for advance payment of anticipated expenses for a seminar to be held September 11 through 15, 1995, in Kansas City, Missouri. The $419.90 requested represented five (5) nights of lodging at the Adam's Mark Hotel at $83.98 per night. Check #7416 was made payable to the hotel and was endorsed and deposited on September 13, 1995.

"Respondent attended the seminar and submitted another voucher September 30, 1995, for $44.80, representing his mileage reimbursement, and subsequently received a check from the county for that amount.

"On September 18, 1995, Respondent wrote to the Kansas County and District Attorneys Association enclosing his reimbursement form and receipts for the same seminar. Mileage, turnpike, food and lodging totalled $594.70. This reimbursement request was submitted to the National Association of Prosecutor Coordinators which issued check #238 on November 17, 1995, to Respondent in the amount of $545.87, reflecting a deduction for meals provided at the seminar. The check was received by Respondent, endorsed and deposited on or about November 29, 1995.

"As of the date the Complaint was filed Respondent had failed to reimburse Wabaunsee County for the duplicative payments he received of $419.90 for lodging and $44.80 for travel totalling $464.70. The money was subsequently paid."

## COUNT V

"Respondent was contacted by David L. Wood, Investigator with the Disciplinary Administrator's Office regarding the complaints in the spring of 1996. Mr. Wood requested an explanation why Respondent had deposited the check for $545.87 received from the National Association into his personal account without reimbursing Wabaunsee County for $464.70. Respondent told Mr. Wood he was confused and thought the check was actually payment of a bill for legal services from a private client. He indicated he received checks from private clients and did not always remember what work he had done for them."

## COUNT VI

"During the time Respondent served as Wabaunsee County Attorney, a diversion agreement was entered in the absence of criminal charges being filed in *State v. Clarence E. Rinke* on March 28, 1996. Mr. Rinke was represented by John Ambrosio. Respondent testified he believed that the controlling statute, K.S.A.

22-2907 *et seq.*, failed to specifically prohibit him from entering into diversion in the absence of criminal charges being filed. As County Attorney, Respondent testified he had the right to decide whether to prosecute Mr. Rinke. He advised the arresting officer that he felt the charges did not warrant prosecution but did merit some action against Mr. Rinke. All fees collected from Mr. Rinke were deposited with the Clerk in Wabaunsee County."

The panel then concluded: .

"The panel finds no violation of the rules in Counts I and II of the Complaint and the allegations are dismissed. The panel further finds the allegations in Counts V and VI of the Complaint were not proven with clear and convincing evidence and the allegations are dismissed in those counts as well. Respondent's actions and behavior do amount to a violation of [Model] Rules of Professional Conduct 8.4(b) and (g) in Count III and [Model] Rules of Professional Conduct 1.15, [and] 8.4(c) and (g) in Count IV."

The panel found for aggravating factors that respondent held a position of trust as a county official and had not fully acknowledged his responsibility for failing to reimburse the county for expenses in a timely fashion. As for mitigating factors, the panel found respondent is relatively inexperienced in the practice of law; although late, restitution was made to Wabaunsee County; the construction traffic incident was remote in time and was settled in June 1995; and respondent has no prior disciplinary offenses.

The panel made the following recommendation:

"The panel recommends Respondent be disciplined by [published] censure pursuant to Rule 203(a)(3) [(1997 Kan. Ct. R. Annot. 201)]. The panel has fully taken into consideration all of the exhibits and the testimony of the witnesses in making this recommendation. The Disciplinary Administrator's Office recognized Respondent is relatively young and has not had the opportunity to be properly mentored by the Bar. Respondent candidly admitted to the panel he has been unable to find work in the legal field since January of 1997 due to the pending disciplinary matters. The panel believes Respondent has made restitution and is fit to practice law."

Respondent filed no exceptions to the report and recommendation of the panel. A majority of the court, having considered the record and report of the panel, accepts and concurs in the findings, conclusions, and recommendation of the hearing panel.

IT IS THEREFORE ORDERED that Jeffrey A. Sutton be and he is hereby disciplined by published censure in accordance with Su-

preme Court Rule 203(a)(3) (1997 Kan. Ct. R. Annot. 201) for his violations of the Model Rules of Professional Conduct.

IT IS FURTHER ORDERED that the costs of these proceedings be assessed to respondent and that this order be published in the official Kansas Reports.